### TRUNZ PORK STORES, Inc., v. RASQUIN.
#### No. 7361.

District Court, E. D. New York.
April 6, 1938.

Percy W. Phillips, of Washington, D. C. (Ivins, Phillips, Graves & Barker, of Washington, D. C., of counsel), for plaintiff.

Harold St. L. O'Dougherty, U. S. Atty., and Frank J. Parker, Asst. U. S. Atty., both of Brooklyn, N. Y., James W. Morris, Asst. Atty. Gen., and Andrew D. Sharpe and Frederic G. Rita, Sp. Assts. to Atty. Gen., for defendant.

ABRUZZO, District Judge.

The plaintiff instituted this suit to recover the sum of $323,035.75 alleged to have been erroneously and illegally collected by the defendant as processing taxes under the provisions of the Agricultural Adjustment Act, as amended, 7 U.S.C.A. § 601 et seq.

The complaint alleges that from June 1, 1934, to February 28, 1935, and before and after said period, the plaintiff was engaged in the business of packing, curing, and selling pork products. The plaintiff purchased live hogs at various markets, which hogs were shipped to others for slaughtering and dressing. The plaintiff, as a processor of hogs for the period from June 1, 1934, to February 28, 1935, filed with the defendant returns showing the amount of $323,035.75 due as processing taxes. It paid this amount to the defendant. It developed later that the plaintiff was not liable or responsible for this tax and was so notified by the defendant by letter dated April 9, 1935, and letter dated May 13, 1935.

The taxes levied under the Agricultural Adjustment Act were declared to be an unconstitutional exaction by the Supreme Court on January 6, 1936. United States v. Butler, as Receiver, 297 U. S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914.

The defendant has attacked the complaint on two grounds:

1. Are the payments sought to be recovered subject to the provisions of title 7 of the Revenue Act of 1936?

If so, the defendant claims that this court is not the proper forum for the plaintiff to be in.

2. Did the plaintiff make voluntary payment of taxes?

If the payments were made under this assumption, the complaint fails to state facts sufficient to constitute a cause of action, as voluntary payments are not recoverable.

The amounts paid by the plaintiff were undoubtedly paid as processing taxes even though they were voluntarily made. Title 7, sections 901–917, of the Revenue Act of 1936, 7 U.S.C.A. §§ 623 note, 644–659, establishes a method in the Treasury Department whereby applications for refunds shall be made. The plaintiff comes squarely under this provision and must make its claim for refunds under section 906 of title 7, Revenue Act of 1936, 7 U.S.C.A. § 648.

This section of the Revenue Act of 1936 provides that no suit shall be brought or maintained in any court for the refund of any amount paid or collected as processing tax under the Agricultural Adjustment Act except as provided in that section.

The reason which underlies the enactment of title 7—the prevention of unjust enrichment—applies most aptly to these payments made by the plaintiff for presumably it passed on the burden of the amounts which it paid and which it here seeks to recover by including these amounts in the prices which it procured on the sales of its commodities. Thus, under section 906 of title 7 of the Revenue Act of 1936, 7 U.S. C.A. § 648, the plaintiff is not entitled to the return of these taxes if it passed the burden of same on to others.

Section 3226 of the Revised Statutes, as amended, 26 U.S.C.A. §§ 1672–1673, applies only to refunds of internal revenue taxes and it does not cover the payments made by the plaintiff if they were payments of processing taxes.

The validity of title 7 of the Revenue Act of 1936 was upheld in the case of Anniston Mfg. Co. v. Davis, 301 U.S. 337, 57 S.Ct. 816, 81 L.Ed. 1143.

Title 7 has established a method of procedure for the recovery of refunds of payments for processing taxes. It also has established the forum where the plaintiff must seek its remedy. The method and forum are exclusive, and accordingly the plaintiff must place itself within the jurisdiction of that forum for relief since he is not properly in this court.

It is unnecessary to pass upon the second ground urged by the defendant in view of this decision.

The complaint is therefore dismissed.